JS 44 (Rev. 12/12)

GP

## CIVIL COVER SHEET

13-3463

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

13  3463

### I. (a) PLAINTIFFS
JESSE, MARIA

### DEFENDANTS
WEGMANS FOOD MARKET and WEGMANS FOOD MARKET

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   BUCKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KENNETH S. SAFFREN, ESQUIRE, SAFFREN & WEINBERG, 815 GREENWOOD AVENUE, SUITE 22, JENKINTOWN, PA 19046 (215) 567-0100

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC Section 2000E
Brief description of cause:
Racial Discrimination

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   6/18/13

SIGNATURE OF ATTORNEY OF RECORD

JUN 19 20

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**GP**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 110 North Main Street, Apt. 7, Souderton, PA 18964

Address of Defendant: 1405 N. Main Street, Warrington, PA 18976 & 1500 Brooks Ave., Rochester, NY 14603

Place of Accident, Incident or Transaction: 1405 N. Main Street, Warrington, PA 18976

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒X

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐ No☒X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐ No☒X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐ No☒X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐ No☒X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

JUN 19 2013

I, KENNETH S. SAFFREN , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/18/13 _____ KENNETH S. SAFFREN  44195
                Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/14/13 _____ KENNETH S. SAFFREN  44195
                Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARIA JESSE | : | CIVIL ACTION |
| v. | : | |
| WEGMANS FOOD MARKETS, ET AL | : | **13    3463** |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)

| | | |
|---|---|---|
| _____ | KENNETH S. SAFFREN, ESQ. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 576-0100 | (215) 576-6288 | ksaffren@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 19 2013

GP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARIA JESSE                                    :
110 North Main Street, Apartment 7             :
Souderton, PA 18964                            :
                                               :
          vs.                                  :
                                               :
WEGMANS FOOD MARKETS                           :    NO.     **13    3463**
1405 North Main Street                         :
Warrington, PA 18976                           :
                                               :
          and                                  :
                                               :
WEGMANS FOOD MARKETS                           :
1500 Brooks Avenue                             :
P.O. Box 30844                                 :
Rochester, NY 14603-0844                       :

## COMPLAINT

## INTRODUCTION

1.      This is a claim brought individually by Plaintiff, Maria Jesse, who was

discriminated at her place of employment based upon her sex, race and ethnicity and in

retaliation to complaints made to management.  The improper conduct included deferential

treatment to other similarly situated employees in regards to attendance.  As a result of these

charges of discrimination, Plaintiff alleges violation of various state and federal statutes

including Title VII of the Civil Rights Act of 1964 42 U.S.C. Section 2000E et seq. as amended

by the Civil Rights Act of 1991 and the Pennsylvania Human Relations Act as well as the

common law statutes of the Commonwealth of Pennsylvania.

2.      Plaintiff, Maria Jesse, by and through her counsel, Kenneth S. Saffren, Esquire

seeks a sum in excess of $100,000.00 in damages upon a cause of action whereof the following

is a statement.

3.       This action for declaratory, monetary and other appropriate relief is brought by

Plaintiff, Maria Jesse, to redress intentional violations by Defendants of rights secured to the

Plaintiff by the laws of the United States and the statutory and common law of the

Commonwealth of Pennsylvania.

## JURISDICTION

4.       Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331 and Section

1343, 42 U.S.C. Section 2000E-5(f)(3) which provides for original jurisdiction of Plaintiff's

claims arising under the laws of the United States and over actions to secure equitable and other

relief.

5.       This Court has jurisdiction over Plaintiff's claims under the statutory and

common law of the Commonwealth of Pennsylvania pursuant to supplemental jurisdiction as

codified by 28 U.S.C. Section 1367 as Plaintiff was working for Wegmans Food Markets located

at 1405 North Main Street, Warrington, PA 18976 with a corporate office located at 1500

Brooks Avenue, P.O. Box 30844, Rochester, NY 14603-0844 (both entities hereinafter referred

to collectively as "Defendants").

6.       Named Plaintiff, Maria Jesse, has exhausted all administrative remedies, having

filed timely complaints of racial discrimination and wrongful discharge with the U.S. Equal

Employment Opportunity Commission as required in the individual statutes and has taken all

other necessary action to bring this matter before this Court.

## VENUE

7.       All actions complained of herein have taken place within the jurisdiction of the

United States District Court for the Eastern District of Pennsylvania and involve a Plaintiff who was employed within its jurisdictional limits and a Defendant who performs business within its jurisdictional limits.

8.      Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. Section 1391(B) and 1391(C).

## PARTIES

9.      Plaintiff, Maria Jesse, is an 25 year old Hispanic female citizen of the United States and a resident of the Commonwealth of Pennsylvania residing at 110 North Main Street, Apartment 7, Souderton, PA 18964 and was at all times relevant hereto an employee of the Defendants.

10.      Defendant, Wegmans Food Markets is a corporation or other duly authorized legal entity operating in the Commonwealth of Pennsylvania as a store located at 1405 North Main Street, Warrington, PA 18976 with headquarters located at the state of New York

11.      Defendant, Wegmans Food Markets is the headquarters of the previously mentioned corporation, located at 1500 Brooks Avenue, P.O. Box 30844, Rochester, NY 14603-0844.

## FACTUAL ALLEGATIONS OF NAMED PLAINTIFF

12.      Plaintiff, Maria Jesse, was employed by Defendants as a part-time overnight stocker in the frozen department and began employment at their Warrington location in September of 2009.  In November of 2009, Plaintiff became a full-time employee in the grocery department.

13.      In 2010 and at all relevant times hereto, Plaintiff was suspended for being late,

even though employees similarly situated as her, specifically Lee-Ann, were not suspended for the same actions.

14.     On June 4, 2011, Plaintiff found out that she was pregnant and during her first trimester had many health related issues.

15.     On August 26, 2011, Plaintiff was put on probation by Carrie from Human Relations and Mike, her manager.

16.     At that time, Plaintiff inquired to management if there were any options for her with regards to her situation.

17.     Plaintiff was informed that there were not any options for her.

18.     On September 2, 2011, Plaintiff was suspended by Jeff from Human Relations and Mike, her manager.

19.     It was at this time that Plaintiff voiced her concerns about how she was getting punished for the same thing that Lee Ann was not getting punished for.

20.     Lee Ann was a white female employee at Wegmans Food Markets.

21.     On September 6, 2011, Plaintiff called the corporate office, specifically Lynn Franklin, to voice her previous concerns.

22.     On September 9, 2011, Plaintiff received a call from Lynn Franklin who informed Plaintiff that she would be paid for her suspension.

23.     In October of 2011, Plaintiff was given the option of taking FMLA for the days that she had to call out.

24.     On October 17, 2011, Plaintiff was approved for FMLA.

25.     In January of 2012, Plaintiff went out on disability due to her pregnancy.

26.     In March of 2012, Plaintiff returned back to work.

27.     From April 2012 until August of 2012, Plaintiff went out on disability due to post partum depression.

28.     In early August 2012, Plaintiff had to return to work or she would lose her job.

29.     From August 27, 2012 until September 7, 2012, Plaintiff went back out on disability.

30.     In September of 2012, Plaintiff returned to work.

31.     On September 7, 2012, Lee Ann was late.

32.     On September 23, 2012, Lee Ann overslept and came in late and left early.

33.     On September 24, 2012, Lee Ann was late.

34.     From September of 2012 until late December of 2012, Plaintiff missed numerous days of work, to which she received doctor's notes for.

35.     At all times relevant hereto, Defendants had a policy that if an employee had a doctor's note that the absence will be excused.

36.     To the best of Plaintiff's knowledge, Lee Ann never provided management with a doctor's notes for her lateness or absences.

37.     On October 9, 2012, Lee Ann came in late.

38.     On October 11, 2012, Lee Ann came in late.

39.     On October 12, 2012, Lee Ann and Ron, another employee, came in late.

40.     On October 17, 2012, Plaintiff was denied disability.

41.     On November 12, 2012, Lee Ann and Ron came in late.

42.     On December 21 and 22, 2012, Lee Ann was late to work.

43.     On December 21, 2012, Lee Ann left work early.

44.     On December 23, 2012, Lee Anne left early.

## COUNT I
## RACIAL DISCRIMINATION

45.     Plaintiff repeats and re-alleges paragraphs 1 through 44 as though fully set forth herein.

46.     Plaintiff further allege that this claim arises under Title VII of the Civil Rights Act of 1964 and 42 U.S.C.A. § 2000e et seq.

47.     Plaintiff further alleges that Defendants subjected Plaintiff to discriminatory behavior, including but not limited to differential treatment based on her Hispanic background as compared to similarly situated employees who were white.

48.     Plaintiff further alleges that Plaintiff belongs to a protected group under Title VII.

49.     Plaintiff further alleges that Defendants' behavior, combined with their institutional refusal to address, correct and/or to prevent said conduct, made it perfectly clear that they were accepting said conduct.

50.     Plaintiff further alleges that Defendants knew or should have known, from the many complaints, that Defendants should have taken reasonable steps to correct the situation, but willfully failed to do so.

51.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was terminated.

## COUNT II
## HOSTILE WORK ENVIRONMENT

52.     Plaintiff repeats and re-alleges paragraphs 1 through 51 as though fully set forth herein

53.     Plaintiff further alleges that Defendants discriminated against Plaintiff based on, her sex, race and ethnicity, all of which are protected classes under Title VII of the Civil Rights Act of 1964 and 42 U.S.C.A. § 2000e et seq.

54.     Plaintiff further alleges that she was subject disparate treatment based on her Hispanic background, as well as her disability and pregnancy which caused her to incur numerous absences.

55.     Plaintiff further alleges that Defendants' employees singled Plaintiff out because she was a Hispanic woman, both attributes of membership in the protected classes mentioned above.

56.     Plaintiff further alleges that Defendant's harassment was so severe and widespread that it effectively created an immense emotional burden on Plaintiff as a condition of her continued employment by Defendant.

57.     Plaintiff further alleges that Defendants knew or should have known, from her many complaints about the conduct within the workplace, and should have taken reasonable steps to correct the situation, but willfully failed to do so.

58.     Plaintiff further alleges that she received disparate treatment by Defendant and was not able to enjoy the same rights and benefits of employment that were given to other employees of the Defendants.

59.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was terminated.

**COUNT III**
**RETALIATION**

60.     Plaintiff repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61.     Defendants violated the anti-retaliation provisions of the Civil Rights Act of 1964, 42 U.S.C. Section 2000E - 3a in that it retaliated against the named Plaintiff for having voiced her displeasure with how she was treated compared to other empoyees.

62.     Specifically, Plaintiff was verbally harassed by her supervisor David Steele about

her complaints to supervisors and subsequently received a change of position and reduction in work hours.

63.     It is also believed and therefore averred that the treatment Plaintiff received from Defendants was in part due to the fact that she received FMLA and disability benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Enter a declaratory judgment that Defendant acted as complained of herein;

2.     Award to Plaintiff punitive and exemplary damages against Defendant in an adequate and proper monetary amount;

3.     Award to Plaintiff damages for emotional distress, humiliation and loss of self esteem, the loss of life's pleasures and a loss of her ability to provide for herself and her family;

4.     Grant the above-named Plaintiff liquidated and consequential damages in accordance with appropriate state and federal statutes;

5.     Grant to Plaintiff prejudgment interest in an appropriate amount;

6.     Grant to Plaintiff costs, disbursements and reasonable attorney fees;

7.     Grant to Plaintiff such other relief as  this Honorable Court deems just and proper under the circumstances of this case

Respectfully submitted,
SAFFREN & WEINBERG

BY: _____
KENNETH S. SAFFREN, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100